## Case No. 10,721.

### In re PARKER et al.

[See 11 Fed. 397.]

---

## Case No. 10,722.

### In re PARKER et al.

[1 Pa. Law J. (1842) 370.]

District Court, E. D. Pennsylvania.

BANKRUPTCY— DEBTS OF FIDUCIARY CHARACTER— PRODUCTION OF BOOKS.

[In the case of a voluntary application by a debtor for the benefit of the act, the court, if desired by a creditor who asserts that the debt due to him has been created in a fiduciary capacity, will direct the debtor to produce, even before the time for a decree, all books and papers having relation to the debt returned.]

The applicants in this case returned, in the schedule of debts they owed, one to Von Werke, which they described as due "on notes and money left with us, till convenient, through the rates of exchange, to draw upon for sums or amounts to suit our mutual ability or convenience."

H. D. Gilpin stated to the court that, if the circumstances of this case could be developed, it would appear that the debt thus returned had been contracted by malversation in a fiduciary capacity,—a fact which, by the first section of the act, would deprive the applicants of a decree; and, in order that he might more easily show the origin of the debt, he would ask the court for an order on the petitioners to produce, before the commissioners, all books and papers in their possession, having relation to this debt.

The granting of the order asked for was opposed by Mr. McIlvaine, who contended that as the law (section 6) enacted that such bankrupt shall, &c., be subject to examination, the court would not order an examination before the applicant was a bankrupt, i. e. had been so decreed; that, if the objecting creditor alleged that this debt was a fiduciary debt, he was, himself, bound to show that it was so, and could not call upon the petitioner to prove the case for him. But Mr. Gilpin having shown, by numerous authorities, that the present application was according to

analogous cases in equity practice, RAN-DALL, District Judge, without much hesitation, granted the order.

[NOTE. The following question was adjourned into the circuit court: "Admitting the debt to be fiduciary, are the petitioners entitled to the benefit of the act?" It was held that the petitioner is excluded from the benefit of the act, if the public or any fiduciary creditor, oppose the decree. Case No. 10,723.]